

# STATE OF MINNESOTA

**LORI SWANSON**
ATTORNEY GENERAL

OFFICE OF THE ATTORNEY GENERAL

BREMER TOWER, SUITE 900
445 MINNESOTA STREET
ST. PAUL, MN 55101-2127

September 21, 2012

Honorable William M. Conley
Chief U.S. District Judge
U.S. District Court
120 North Henry Street, Room 320
Madison, WI 53703

      Re:    *Jill Clark, et al. v. Craig Klausing, et al.*
             No. 3:12-cv-00650

Dear Chief Judge Conley:

      This Office represents Minnesota Judges Robert A. Blaeser, Thomas Wexler, Lucy A. Wieland, and Lloyd B. Zimmerman, four of the 36 defendants named in the above-entitled complaint.[1]  Several defendants have recently received copies of a purported summons and complaint in the above-entitled matter.  The purported summons did not bear the signature or seal of the clerk of court and the purported complaint was unsigned.

      Ms. Clark attempted to file the papers in this Court.  The clerk's office docketed the case but returned the papers to Ms. Clark with a request that she sign and return them along with a filing fee or an in forma pauperis application.  J. Friedl, Letter (Sept. 7, 2012) (Doc. No. 4).  As of now, Ms. Clark has not re-filed the papers.

      Ms. Clark is subject to an order of Judge John R. Tunheim, District of Minnesota, requiring her to obtain his approval before filing any lawsuits in that district concerning lawyer discipline proceedings now pending against her in Minnesota state court.  Order, *Office of Lawyers Professional Responsibility v. Jill Clark*, No. 12-1373 (D. Minn. Aug. 2, 2012)

---

[1] The defendants are 16 Minnesota judges, 12 other Minnesota officials and employees, the Minnesota Supreme Court, the Minnesota Fourth Judicial District (collectively, "State Defendants"); six other individuals and entities; and John Does 1-10.  If the case is allowed to proceed, this Office anticipates that it will represent all 30 State Defendants.  Since arranging for this Office to accept representation of all 30 defendants would be a time-consuming process, we are writing the Court at this time on behalf of the first four judges to request representation.

Honorable William M. Conley
September 21, 2012
Page 2

(Tunheim, J.) (Doc. No. 18), *appeal summarily dismissed*, No. 12-2844 (8th Cir. Sept. 6, 2012). The order is attached to Ms. Clark's complaint as Exhibit 1.

Ms. Clark has acknowledged that her complaint in this Court relates to the Minnesota lawyer discipline proceedings.[2] Therefore, the complaint would be within the scope of Judge Tunheim's order if Ms. Clark sought to file it in Minnesota.

Ms. Clark's filing of the complaint in Wisconsin is an attempt to circumvent Judge Tunheim's order. The complaint concerns alleged acts or failures to act of Minnesota officials in Minnesota and contains no allegations supporting personal jurisdiction or venue in Wisconsin. Therefore, venue in Wisconsin is improper. *See* 28 U.S.C. § 1391 (setting forth requirements for proper venue).

The District Court for the Northern District of Iowa has recently dismissed an action by Ms. Clark in that district because she did not submit either a filing fee or in forma pauperis application and because venue appeared "to be improper as the defendants are located in Minnesota and the events giving rise to the instant action occurred in Minnesota." *Jill Clark v. Mark Ritchie*, No. 1:12-cv-00093 (N.D. Ia. Sept. 20, 2012) (copy enclosed).

We respectfully suggest that the Court dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1406(a). *See Hapaniewski v. City of Chicago Heights*, 883 F.2d 576, 579-80 (7th Cir. 1989) (holding that district court did not abuse its discretion in dismissing improperly venued action where plaintiffs improperly attempted to re-litigate a state court case in federal court).

It is appropriate to dismiss the action rather than transfer it to Minnesota. *See Thomas v. Corrections Corp. of America*, No. 03-C-0044-C, 2003 WL 23274508, *3 (W.D. Wis. June 24, 2003) ("[C]ourts do not transfer cases pursuant to § 1406(a) if it should have been obvious to the plaintiff that venue was improper in the district in which he filed the complaint."). A dismissal without prejudice, unlike a transfer of venue, would not require the Court to determine that the District of Minnesota has subject matter jurisdiction. *See id.* (noting that "the district to which transfer is to be made must have subject matter jurisdiction over the action"). The State Defendants believe that the federal courts lack subject matter jurisdiction over some or all of Ms. Clark's claims.

---

[2] In a document filed with the Eighth Circuit Court of Appeals purporting to remove her appeal of Judge Tunheim's order to the Western District of Wisconsin, Ms. Clark stated: "At this time, issues of fact and law relating to the OLPR prosecution of Clark are pending in the Western District of Wisconsin." Appellant's Petition for Removal at 2, *Office of Lawyers Professional Responsibility v. Jill Clark*, No. 12-2844 (8th Cir. Sept. 4, 2012). "OLPR" refers to the Office of Lawyers Professional Responsibility, the Minnesota Supreme Court agency responsible for prosecuting lawyer discipline proceedings.

Honorable William M. Conley
September 21, 2012
Page 3


      A court may appropriately consider a dismissal or transfer of venue under Section 1406(a) sua sponte. *Snargrass v. U.S. Bureau of Prisons*, No. 11-662, 2012 WL 187766, at *2 (S.D. Ill. Jan. 23, 2012); *see also Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002) ("[W]hen the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit."). We leave it to the Court's judgment whether to give Ms. Clark a period of time to respond to this letter before the Court decides the matter.

      If the Court allows Ms. Clark to proceed in this District, the State Defendants are prepared to file a formal motion to dismiss. Defendants preserve all defenses including those under Fed. R. Civ. P. 12(b).

      Thank you in advance for your consideration of this matter.

      Respectfully,

      **s/ Thomas C. Vasaly**

      THOMAS C. VASALY
      Assistant Attorney General
      (651) 757-1315


Encl.

cc:    Jill Clark, Esq. (via U.S. mail)

AG: #3076971-v1